### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DAVID EUGENE BOWMAN**                                                                    **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:21-cv-121-TBM-RPM**

**THE MCDONNELL LAW FIRM, P.A.**
*and* **METLIFE LEGAL PLANS, INC.,**
**f/k/a HYATT LEGAL PLANS, INC.**                                                          **DEFENDANTS**

## ORDER

The Plaintiff, David Eugene Bowman, filed suit in the Circuit Court of Harrison County against the McDonnell Law Firm, P.A., and Metlife Legal Plans, Inc. ("Metlife") alleging various state law claims related to the Plaintiff's pre-paid legal services plan. Metlife removed the case to this Court, claiming that the Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. A crucial issue before this Court, however, is whether the Plaintiff is entitled to limited discovery as to the applicability of ERISA—specifically, the "Safe Harbor" provision.

The Court, having reviewed the record, and having conducted a hearing in this matter, finds that information obtained from limited discovery could assist the Court in deciding Metlife's Motion to Dismiss [5] and the Plaintiff's Motion to Remand [8]. *See Bozeman v. Life Ins. Co. of N. Am.*, No. 10-973-EEF, 2011 WL 4343803, at * 6 (W.D. La. Sep. 14, 2011); *McKenney v. Nat'l Rural Letter Carriers Ass'n*, No. 07-cv-584A, 2009 WL 902506, at *6 (W.D. N.Y. Apr. 2, 2009); *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2008 WL 2475736, at *3 (E.D. Ky. Jun. 18, 2008); *Falcone v. Provident Life & Accident Ins. Co.*, No. 2:08-cv-300, 2008 WL 4694211, at *3 (S.D. Ohio Oct. 23, 2008). The Court will therefore allow the Plaintiff limited discovery to

further develop the record as to whether endorsement is present, and therefore, whether the ERISA Safe Harbor provision applies.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion to Continue [12] is granted insofar as it requests limited discovery and is otherwise denied.

IT IS FURTHER ORDERED AND ADJUDGED that because Metlife's Motion to Dismiss [5] and the Plaintiff's Motion to Remand [8] require a determination on the applicability of the Safe Harbor provision, these Motions are denied without prejudice as premature.

IT IS FURTHER ORDERED AND ADJUDGED that the Magistrate Judge will set a status conference with the parties to discuss discovery deadlines and future motion deadlines.

This, the 1st day of February, 2022.

                                               TAYLOR B. McNEEL
                                               UNITED STATES DISTRICT JUDGE